No. 2191.—MARGARET LOVE, Testamentary Executrix *v.* R. L. ADAMS & CO.

The defendants, R. L. Adams & Co., were sued for a balance due Josephus Love. R. T. Jennings, one of the firm of R. L. Adams & Co., averred that the indebtedness of Love, if it ever existed, was due by the former firm of R. L. Adams & Co., of which he was not a member, and not by the present firm, of which he is a member and against whom suit is brought. The evidence shows that at the time Jennings entered the firm of R. L. Adams & Co., he was made acquainted with the debt standing against the former firm in favor of Love; that he made no objection thereto, but, on the contrary, made provision for its liquidation by the new firm. Held—That these acts on his part amounted to an assumption of this liability as a partner.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Randolph, Singleton & Browne,* for plaintiff and appellee. *Hyams & Jonas,* for defendants and appellants.

TALIAFERRO, J. The plaintiff, as executrix of her husband, Josephus Love, sues the defendants on an instrument of writing in their hands, signed by Josephus Love, acknowledging the receipt by him of one thousand dollars in part payment of a balance owing to him by R. L. Adams & Co., leaving at the date of the instrument (twenty-ninth May, 1866,) due Love $4264 96, to be paid by them in equal installments on the first of January and first of April following, without interest. The plaintiff prays judgment for this balance due, subject to several credits specified in her petition. R. T. Jennings, one of the defendants, answering for himself alone, specially denied that the firm of R. L. Adams & Co., of which he was a member, was ever indebted to Josephus Love or his estate. He avers that the indebted-

ness alleged, if it ever existed, was by the firm of R. L. Adams & Co., composed of R. L. Adams and J. J. Michie, to which the firm now sued are successors. He denies that his firm, composed of R. L. Adams and himself, ever received any consideration whatever for the alleged indebtedness. He also pleads the prescription of three years. Adams, the other defendant, made no defense. Judgment was rendered *in solido* against the defendants for the amount claimed, subject to admitted credits.

From this judgment, Jennings alone appealed.

It appears in proof that the original firm of R. L. Adams & Co., composed of Adams and Michie, owed Love, in April, 1860, a debt exceeding ten thousand dollars. In July, 1860, the co-partnership of R. L. Adams and R. T. Jennings was formed. It appears, also, that several of the accounts standing on the books of the first firm of R. L. Adams & Co. were transferred to the books of the second firm having that style, and among those accounts so transferred was the account with Love. Jennings, in his own testimony, says that these transfers were made without his consent. This statement, Adams, the other partner, in his testimony, denies. He says that Jennings made no objection to the transfer. The partnership last formed expired, by its own limitation, on the first July, 1862. In 1861, Jennings paid Love, on account, $5000, and we infer that the entry of this payment was made on the books of the firm of R. L. Adams & Co., of which Jennings was a partner. In 1867, after the death of Love, a person instructed by the executrix called to see the state of the account, and Jennings directed the book-keeper to make it out, and the account was accordingly furnished. He knew that the account stood upon the books of the firm, of which he was a member, for he says himself that he protested against its being placed there. He was instrumental, in 1866, in adjusting the business with Love, who had threatened a law suit. He arranged the settlement with Love, which resulted in the payment of the thousand dollars and the giving of the instrument of writing upon which this suit is based. We are satisfied that the transfer of Love's account to the books of the firm of which Jennings was a partner, was with his consent. The reason for that consent seems sufficiently clear, namely, that the partners of the new firm desired to retain the customers of the former firm. Jennings says, in his testimony: "We expected to do business with some of the parties whose accounts were transferred." We consider that Jennings participated in the matter and became bound thereby. His plea of prescription can not avail him. We think the judgment appealed from correct.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.